Jack S. Yeh (SBN 174286)
jyeh@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 (310) 595-9500
Facsimile:  +1 (310) 595-9501

Angela C. Zambrano (*pro hac vice* forthcoming*)*
angela.zambrano@sidley.com
M. Lora Chowdhury (*pro hac vice* forthcoming)
lchowdhury@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX  75201
Telephone: +1 (214) 981-3300
Facsimile: +1 (214) 981-3400

Michael Hunseder (*pro hac vice* forthcoming)
mhunseder@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  +1 (202) 736-8000
Facsimile:  +1 (202) 736-8711

*Attorneys for Defendant*
AT&T CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HD CARRIER, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>AT&T CORP.,<br><br>         Defendant. | Case No.  2:20-cv-06509- FMO (JPRx)<br><br>**DEFENDANT AT&T CORP.'S NOTICE AND MOTION TO DISMISS HD CARRIER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  October 8, 2020<br>Time: 10:00 a.m.<br>Location: Courtroom 6D<br><br>Judge:  Hon. Fernando M. Olguin<br><br>[Declaration of Michael Hunseder and [Proposed] Order lodged concurrently herewith] |

TO THIS HONORABLE COURT, PLAINTIFF, AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 8, 2020 at 10:00 a.m., or as soon thereafter as the Motion may be heard at the United States District Court, located at Courtroom 6D, United States District Court, 350 West 1st Street, Los Angeles, California 90012, Defendant AT&T Corp. will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), for an order dismissing Plaintiff H.D. Carrier, LLC's Complaint, or, in the alternative, dismissing or staying the action and referring the case to the Federal Communications Commission under the primary jurisdiction doctrine. This Motion is made on the following two grounds.

*First*, the Court lacks subject-matter jurisdiction under the election of remedies provision of the Communications Act. 47 U.S.C. § 207. Under Section 207, the Court lacks subject-matter jurisdiction because HD Carrier filed an informal complaint with the Federal Communications Commission ("FCC") regarding the same facts that are at issue in its Complaint filed in this matter. 47 U.S.C. § 207.

*Second*, and in the alternative, the Court should dismiss or stay the case under the primary jurisdiction doctrine. The issues in this case are within the expertise of the FCC and are suited for resolution by the FCC under the primary jurisdiction doctrine.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 20, 2020, and is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Michael Hunseder, the [Proposed] Order filed and lodged concurrently herewith, the Court's file on this matter, and upon such and further evidence and argument as may be presented prior to or at the time of the hearing on this Motion.

1

DATED: August 28, 2020

Respectfully submitted,

2

3

SIDLEY AUSTIN LLP

4

By: ____/s/ Jack S. Yeh_____

5

Jack S. Yeh
Angela C. Zambrano (*pro hac vice*

6

forthcoming)

7

Michael Hunseder (*pro hac vice*
forthcoming)

8

Mehzabin Lora Chowdhury (*pro hac vice*

9

forthcoming)
Attorneys for Defendant AT&T CORP.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT ........................................................... 1

II.   BACKGROUND .............................................................................. 3

    A.   The Parties. ......................................................................... 3

    B.   HD Carrier Is Engaging in Disfavored "Access Stimulation"
        Schemes. ............................................................................. 4

    C.   HD Carrier and Its Partners Have Unsuccessfully Sought Identical
        Relief in Other Forums. ......................................................... 6

    D.   Free Conferencing Requested Relief at FCC. ............................ 7

    E.   HD Carrier Filed Informal Complaint with the FCC. .................. 8

    F.   AT&T Has Also Sought Relief At the FCC on the Same Related
        Matters. .............................................................................. 8

III.  ARGUMENT. .................................................................................. 8

    A.   Legal Standard ..................................................................... 8

    B.   Plaintiff's Voluntary Election of Remedies with the FCC Deprives
        this Court of Subject Matter Jurisdiction. ................................. 9

    C.   Alternatively, the Court Should Dismiss or Stay This Suit under
        the Primary Jurisdiction Doctrine in favor of the FCC Proceedings. ...... 12

IV.   CONCLUSION ............................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beehive Tele. Co., Inc. v. Sprint Commc'ns Co.*,
   No. 2:08-cv-003080, 2009 WL 3297303 (D. Utah Oct. 13, 2009) ......................... 10

*Bell Atl. Corp. v. MFS Commc'ns Co., Inc.*,
   901 F. Supp. 835 (D. Del. 1995) ............................................................................ 10

*Clark v. Time Warner Cable*,
   523 F.3d 1110 (9th Cir. 2008) .......................................................................... 12, 13

*Davel Commc'ns, Inc. v. Qwest Corp.*,
   460 F.3d 1075 (9th Cir. 2006) ................................................................................ 12

*Digitel, Inc. v. MCI Worldcom, Inc.*,
   239 F.3d 187 (2d Cir. 2001) ......................................................................... 8, 9, 11, 12

*In re Empire One*,
   458 B.R. ................................................................................................................... 11

*In re Empire One Telecommc'ns, Inc.*,
   458 B.R. 692 (Bank. S.D.N.Y. 2011) ............................................................... 10, 11

*Fantroy v. Sw Bell*,
   No. 3-01-cv-0099-R, 2002 WL 441407 (N.D. Tex. Mar. 19, 2002) ..................... 10

*Free Conferencing Corp. v. Comcast Corp.*,
   No. CV154076FMOPJWX, 2016 WL 7637664 (C.D. Cal. May 31, 2016) ....*passim*

*Free Conferencing Corp. v. T-Mobile US, Inc.*,
   No. 2:14–cv–07113–ODW, 2014 WL 7404600 (C.D. Cal. Dec. 30, 2014) ....*passim*

*Great Lakes Commc'n Corp. et al. v. FCC*,
   No. 19-1233 (D.C. Cir. Jan. 17, 2020) .............................................................. 2, 7, 8

*Mexiport, Inc. v. Fronter Commc'ns Servs., Inc.*,
   253 F.3d 573 (11th Cir. 2001) ....................................................................... 8, 9, 11, 12

*Millicorp v. Glob. Tel*Link Corp.*,
    Case No. 09-23093-CIV, 2010 WL 11505849
    (S.D. Fla. April 24, 2010), The Act .......................................................... 9, 10, 11, 12

*Premiere Network Servs., Inc. v. SBC Commc'ns, Inc.*,
    440 F.3d 683 (5th Cir. 2006) ...................................................... 8, 9, 11, 12

*Pride v. Correa*,
    719 F.3d 1130 (9th Cir. 2013) ................................................................... 9

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ................................................................... 9

*Stiles v. GTE Sw. Inc.*,
    128 F.3d 904 (5th Cir. 1997) .......................................................... 9, 11, 12

**Statutes**

47 U.S.C. § 201(b) .................................................................................... 8, 14

47 U.S.C. § 202(a) .................................................................................... 8, 14

47 U.S.C. § 207 ......................................................................................*passim*

47 U.S.C. § 208 ............................................................................................. 9

Cal. Bus. & Prof'l Code § 17200 ......................................................... 14, 15

**Other Authorities**

47 C.F.R. § 1.716 ................................................................................... 9, 10

Fed. R. Civ. P. 12(b)(1) ............................................................................... 8

AT&T CORP.'S MOTION TO DISMISS HD CARRIER'S COMPLAINT
2:20-cv-06509-FMO (JPRx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     PRELIMINARY STATEMENT

Masquerading as the prey, Plaintiff H.D. Carrier LLC ("Plaintiff" or "HD Carrier") is in fact the predator—a predator who has gamed the telecommunications industry and is now trying to game the court system.  Plaintiff found an unsympathetic audience amongst other courts and regulators, which have sought to rein in "access stimulation" schemes, in which companies like Plaintiff free-ride the system and impose unnecessary costs on the industry and its customers.  Plaintiff is now forum-shopping its way into this Court hoping to procure from this Court relief that will end-run adverse rulings at the Federal Communications Commission ("FCC") and the D.C. Circuit.

The Court, however, lacks subject matter jurisdiction over this action because HD Carrier is already pursuing the exact relief it seeks in this Court, on the same issues, in front of the FCC.  HD Carrier fails to inform the Court that just weeks ago it filed an informal complaint against AT&T at the FCC, seeking the identical relief it requests from this Court.  Ex. A, HD Carrier Letter, (June 2, 2020) ("HD Carrier Informal Complaint").[1]  Federal law is clear that Plaintiff's pursuit of the same remedies for the same conduct before the FCC deprives this Court of subject matter jurisdiction, as a matter of law. Under the Communications Act ("Act"), a complaint against a carrier like AT&T can be brought either in federal court *or* before the FCC—but *not* in both forums at once.  47 U.S.C. § 207.  As explained below, HD Carrier elected to seek its remedy at the FCC, and thus this Court lacks jurisdiction over this proceeding.

In addition, even if this Court had subject matter jurisdiction (which it does not), the primary jurisdiction doctrine broadly empowers this Court to dismiss or stay

---

[1] Attached as Exhibit 1 to this Motion is the Declaration of Michael Hunseder ("Hunseder Decl.").  For ease of reference, exhibits attached to the Hunseder Decl. will be cited herein as they are within the Hunseder Decl.

the lawsuit in favor of the FCC proceedings. As this Court has previously recognized, the FCC has clear expertise on both access stimulation schemes and the call congestion disputes at issue in the Complaint—indeed, just last year the FCC strengthened its anti-access stimulation rules because entities like HD Carrier had been circumventing the prior FCC rules. *See Access Arbitrage Order*, ¶ 3. In these circumstances, the Court should alternatively stay or dismiss this action and refer the case to the FCC for resolution. *See Free Conferencing Corp. v. Comcast Corp.*, No. CV154076FMOPJWX, 2016 WL 7637664, at *5, *7 (C.D. Cal. May 31, 2016) (staying case under primary jurisdiction doctrine and referring issues to the FCC, including "particularly complicated" issues regulated by the FCC relating to "call completion" allegations); *Free Conferencing Corp. v. T-Mobile US, Inc.*, No. 2:14–cv–07113–ODW (SH), 2014 WL 7404600, at *3 (C.D. Cal. Dec. 30, 2014) (same). In fact, by initially filing its claims with the FCC, HD Carrier itself recognized that the FCC is the appropriate forum for resolution of the disputes raised in the Complaint. Moreover, these same issues are not only pending before the FCC in connection with HD Carrier's Informal Complaint, but AT&T also filed an informal complaint before the FCC regarding the same call blocking allegations at issue in this case. Ex. B, AT&T-Verizon Letter, WC Docket EB-20-MDIC-0004 (Apr. 24, 2020) ("AT&T-Verizon Informal Complaint") (explaining relationships among these entities).

Plaintiff also omits from its papers that, earlier this year, one of its access stimulation partners sought a stay, at the FCC and then the D.C. Circuit, of the FCC's strengthened access stimulation rules—on the grounds asserted here, that carriers like AT&T were engaging in call blocking. In opposing the stay, the FCC explained that the existing evidence showed that call congestion was being caused *by the access stimulators*, not by any affirmative act of AT&T.[2] The FCC credited evidence that the

---

[2] *See* Opp. of FCC to Emergency Mot. for Stay, at 1-2, 17, *Great Lakes Commc'n Corp. et al. v. FCC*, No. 19-1233 (D.C. Cir. Jan. 17, 2020) ("FCC Br."); *see also*

congestion was occurring because access stimulators (including partners of HD Carrier) were suddenly re-routing massive volumes of calls in response to the FCC's stronger rules.[3]  The D.C. Circuit denied the stay, and HD Carrier's partner voluntarily withdrew its request for relief at the FCC (which presumably was poised to reject it).

For these reasons, as described more fully and in detail below, AT&T respectfully requests this Court dismiss HD Carrier's Complaint for lack of subject matter jurisdiction, or in the alternative stay or dismiss this action under the primary jurisdiction doctrine and refer the issues to the FCC for resolution.

## II.    BACKGROUND

### A.    The Parties.

AT&T is an interexchange ("IXC") (or long-distance) carrier that connects calls by delivering and handing off calls to local exchange carriers ("LECs"), such as HD Carrier's partner, Wide Voice, LLC ("Wide Voice"), in various geographic regions. (Compl. ¶¶ 10–12.)

HD Carrier is an alleged provider of Voice over Internet Protocol ("VoIP") services and one of several closely associated entities responsible for numerous "access stimulation" schemes across the country.  (*See id.* ¶ 13); *see Comcast Corp.*, 2016 WL 7637664, at *2 (citing *CAF Order*, 26 FCC Rcd. 17663, 17669 & 17873 (2011)); *Access Arbitrage Order*, ¶¶ 1-2, 7, 11 (describing various schemes).  As AT&T explained to the FCC, HD Carrier is closely associated, or commonly operated, with other entities that also play a role in such schemes, including Wide Voice and Free Conferencing, as described below.  Ex. B, AT&T-Verizon Informal Complaint at

---

*Access Arbitrage Order*, ¶ 3 (stating that the "staggering volume of minutes generated by these [access stimulation] schemes can result in call blocking and dropped calls"); *id.* ¶ 95.

[3] As explained below, HD Carrier went from receiving less than 4 million minutes per month at the end of 2019 to receiving over 250 million minutes just months later.  By comparison, the largest local carrier in New York City is Verizon, and AT&T routes only about 20 million minutes per month to all of Verizon's facilities in New York City.

6-8 (explaining relationships among these entities).

### B. HD Carrier Is Engaging in Disfavored "Access Stimulation" Schemes.

For years, entities like HD Carrier and its closely associated companies have been engaging in access stimulating schemes to inflate costs on interexchange carriers. In a traditional "access stimulation" scheme, a LEC partners with a provider of low-cost or "free" calling services, such as "free" conferencing services or "free" chat lines. *See Access Arbitrage Order* ¶ 1; *Free Conferencing,* 2016 WL 7637664. The arrangements between a LEC and free calling providers generated enormous volumes of calls. When customers of long-distance carriers place calls to a "free" conferencing service, the LEC previously imposed tariffed charges on the long distance carriers for completing each call. Those charges, however, were inflated. That is because the traffic-pumping LEC's ratio of network costs to minutes of use is orders of magnitude lower than the corresponding ratio for ordinary LECs serving customers living in the same area. The LEC then shared this windfall with the free calling provider, which used it to subsidize the costs of the "free" or low-cost calls (and to realize a presumably handsome profit).

The FCC initially sought to regulate and end (or at least "curtail") access stimulation in 2011 by issuing regulations that reduced the rates associated with the schemes. *CAF Order*, ¶¶ 9, 648-700. However, more recently, the FCC determined that traffic calling volumes associated with access stimulation had not decreased, and that the schemes had only been modified by the LECs to exploit other loopholes in the FCC's rules. *Access Arbitrage Order*, ¶ 3. In the *Access Arbitrage Order*, the FCC sought to strengthen the existing rules. The new rules made LECs "financially responsible" and "accountable" for the cost implications of their routing decisions, and the LECs involved in such schemes (instead of the IXCs) now had to bear the costs of routing the calls. *Id.* ¶¶ 4, 20.

In response, while some LECs ceased their access stimulation business, other access stimulators have again tried to circumvent the rules.[4]  HD Carrier is an integral part of one such attempt.  Free Conferencing, a company closely associated with HD Carrier, has been and remains involved in the largest access stimulation schemes in the country.  Free Conferencing promotes and offers free or low-cost calling services.  Prior to the new rules, much of the traffic generated by Free Conferencing was sent to LECs in Iowa and South Dakota, and the IXCs paid for this transport.  *Access Arbitrage Order*, ¶ 15.  However, after the FCC's new rules became effective, some of these midwestern LECs apparently ceased handling access stimulation traffic (probably because, under the new FCC rules, the LECs would have become responsible for paying the access charge fees).

Around the time the stronger FCC rules became effective, tremendously large volumes of traffic were suddenly re-routed away from access stimulation LECs that were exiting the business.  For example, Wide Voice, a carrier associated with HD Carrier (Compl. ¶ 17, 18), told AT&T in January that AT&T should expect Wide Voice to handle an increase of over 120 million minutes (and more in subsequent months).  *See* Ex. B, AT&T-Verizon Informal Complaint at 3.  Millions of minutes of access stimulation traffic were now being re-routed to HD Carrier.  *Id.* at 13.  According to AT&T's and Verizon's records, the volume of traffic AT&T and Verizon delivered to HD Carrier telephone numbers skyrocketed beginning in December 2019, as depicted in the graph below.[5]  *Id.* at 8.

---

[4] The FCC has already taken quick action to stop one such end run.  *See*, *e.g.*, Memorandum Opinion and Order, *In the Matter of Northern Valley Communications, LLC Tariff F.C.C. No. 3*, WC Docket No. 20-11 (June 11, 2020) ("*NVC Order*").

[5] Because HD Carrier asserts that it is not a LEC, it claims that it is not subject to the access stimulation rules; Wide Voice, on its part, is a carrier, but asserts that the traffic it now routes to HD Carrier is somehow exempt from the rules.  AT&T and other long-distance carriers disagree, and have asked the FCC to hold that the re-routed traffic is subject to the anti-arbitrage rules. *See* Ex. B, AT&T-Verizon Informal Complaint.

AT&T CORP.'S MOTION TO DISMISS HD CARRIER'S COMPLAINT
2:20-cv-06509-FMO (JPRx)



*Id.* HD Carrier's telephone numbers had been typically receiving fewer than 4 million minutes per month, but in December, those telephone numbers received (from AT&T and Verizon) a total of 12.3 million minutes, in January 2020, the volume rose to 130.5 million minutes, in February, the volume again rose to 157 million minutes, and in March, the volume rose even further to 258 million minutes. *Id.*

### C. HD Carrier and Its Partners Have Unsuccessfully Sought Identical Relief in Other Forums.

HD Carrier alleges in its Complaint that "[b]eginning in January 2020 . . . AT&T has intentionally, unreasonably, and unlawfully blocked millions of calls made to HD Carrier's telephone numbers." (Compl. ¶ 27.) Specifically, HD Carrier alleges "[t]he primary method AT&T has used to choke and block calls is to deliberately reduce and maintain insufficient capacity to HD Carrier's tandem partners throughout the country, including Level 3 and Wide Voice." (*Id.* ¶ 28.) HD Carrier alleges "AT&T has done this by taking down, or de-provisioning, network connections so to cause its remaining, limited connections to reach capacity . . . ." (*Id.* ¶ 29.)

HD Carrier and its associated entities have already brought these complaints about call congestion against AT&T to the FCC and the D.C. Circuit—and to date

have been unsuccessful.  Their Complaint in this Court is a third bite at the apple.

### D.    Free Conferencing Requested Relief at FCC.

*First*, on January 8, 2020, Free Conferencing filed a Petition at the FCC, requesting an expedited waiver of the Access Arbitrage Order.[6]  Just one day later, Free Conferencing filed an Emergency Motion at the D.C. Circuit, requesting a stay of the Access Arbitrage Order on the grounds that AT&T and others were blocking calls.[7]  On January 17, 2020, the FCC opposed the stay request, and it credited evidence submitted by AT&T in concluding that "Free Conferencing's own actions appear to have directly contributed to the call disruption problems it is now experiencing."  FCC Br. at 17–18; *see id*. at 1.  The D.C. Circuit denied Free Conferencing's motion for stay, holding that Free Conferencing "has not satisfied the stringent requirements for the requested stay."[8]  Free Conferencing thereafter withdrew its request for the FCC to adjudicate the call blocking and other allegations in its January 8 Petition.[9]

---

[6] *See* Pet. for Expedited Waiver by Free Conferencing Corp. of Access Arbitrage Order, WC Docket No. 18-155 (Jan. 8, 2020).

[7] *See* Petitioner's Emergency Mot. for Stay Until Carriers Can Complete Calls, *Wide Voice, LLC et al. v. FCC*, No. 19-1244 (D.C. Cir. Jan. 9, 2020) ("Mot. for Stay").  The stay was filed by CarrierX, which is the operating company for Free Conferencing (the entity that filed the request for waiver at the FCC) and the operating company of HD Carrier's customer, FreeConferenceCall.com. (Compl. ¶ 15.)  In support of its motion for stay, CarrierX attached the declaration of its Chief Executive Officer, David Erickson—the same David Erickson who is a manager of HD Carrier and who filed a declaration in support of HD Carrier's motion for preliminary injunction in this Court.  *See* Erickson Decl., HD Carrier, LLC's Notice of Motion and Motion for Preliminary Injunction, Dkt. 11; Erickson Decl., Mot. for Stay.

[8] *See* Order, *Great Lakes Commc'n Corp. et al. v. FCC*, No. 19-1233 (D.C. Cir. Jan. 29, 2020).

[9] *See* Withdrawal of Pet. for Waiver, WC Docket No. 18-155 (Feb. 3, 2020).

### E.    HD Carrier Filed an Informal Complaint with the FCC.

*Next*, on June 2, 2020, HD Carrier filed an informal complaint with the FCC against AT&T by submitting a letter to the Market Disputes Resolution Division.  Ex. A, HD Carrier Informal Complaint.  In the HD Carrier Informal Complaint, HD Carrier alleges that AT&T is engaging in "call blocking."  Specifically, HD Carrier contends to the FCC that AT&T's alleged call blocking is violating Sections 201(b) and 202(a) of the Act (47 U.S.C. §§ 201(b), 202(a)), the very same claims HD Carrier seeks to pursue against AT&T in this Court, based on the same alleged conduct.  *Id.* at 3.  In the HD Carrier Informal Complaint, HD Carrier alleges

> Since January, AT&T has taken a number of steps to block calls destined to HD Carrier OCNs.  It has intentionally reduced capacity to HD Carrier's connection partners all over the country.  It has taken down or stopped using all commercial, high definition and redundant connections to HD Carrier codes so that once the strained regulated path connections reach capacity, all other calls fail.

Ex. A, HD Carrier Informal Complaint at 1. These are the very same allegations HD Carrier makes against AT&T in its Complaint pending in this Court.

### F.    AT&T Has Also Sought Relief At the FCC on the Same Related Matters.

On April 24, 2020, AT&T and Verizon, another long-distance carrier, filed an informal complaint at the FCC against HD Carrier's partner, Wide Voice.  Ex. B, AT&T-Verizon Informal Complaint.  This informal complaint raised several violations of law, including a claim that the massive re-arrangement of traffic to HD Carrier was unreasonable under Section 201(b) of the Act, and caused call congestion.  *Id.*  The AT&T-Verizon Informal Complaint summarizes the close connections between HD Carrier, Free Conferencing, and Wide Voice (among others).  *Id*. at 7-8.

## III.    ARGUMENT

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a claim if the Court lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Under section

207 of the Communication Act, once a party initiates a complaint (either formal or informal) at the FCC, a federal court lacks subject matter jurisdiction over an action arising out of the same nexus of issues.  47 U.S.C. § 207; *see Premiere Network Servs., Inc. v. SBC Commc'ns, Inc.*, 440 F.3d 683, 689–91 (5th Cir. 2006); *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190–91 (2d Cir. 2001); *Mexiport, Inc. v. Fronter Commc'ns Servs., Inc.*, 253 F.3d 573, 574 (11th Cir. 2001); *Stiles v. GTE Sw. Inc.*, 128 F.3d 904, 907 (5th Cir. 1997).[10]

### B.   Plaintiff's Voluntary Election of Remedies with the FCC Deprives this Court of Subject Matter Jurisdiction.

Under the election of remedies provision of the Act, 47 U.S.C. § 207, once a party initiates a complaint with the FCC, a federal court lacks subject-matter jurisdiction over all claims arising from the same nexus of facts raised in the complaint.  47 U.S.C. § 207; *see Premiere Network*, 440 F.3d at 689–91; *Digitel*, 239 at 190–91; *Mexiport*, 253 F.3d at 574; *Stiles*, 128 F.3d at 907; *Millicorp v. Glob. Tel\*Link Corp.*, No. 09-23093-CIV, 2010 WL 11505849, at \*3 (S.D. Fla. April 24, 2010).[11]  Section 207 states that a party "claiming to be damaged by any common carrier . . . may *either* make complaint to the Commission . . . or may bring suit for the recovery of damages . . . in any district court of the United States of competent jurisdiction."  47 U.S.C. § 207 (emphasis added).

Federal district courts have uniformly held that under § 207's election of remedies provision, once a party initiates a complaint with the FCC, the court lacks

---

[10] In evaluating a motion to dismiss based on lack of subject-matter jurisdiction, the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[11] The Act gives the FCC authority to investigate complaints filed against common carriers.  47 U.S.C. § 208.  Under the FCC's rules, complaints brought pursuant to Section 208 can either be "informal" (which is simply a letter sent to a designated FCC staff member) or "formal" (which has more detailed procedural requirements). *See* 47 C.F.R. §§ 1.716-1.718 (informal complaints); *id.* §§ 1.720-1.740 (formal complaints).  Under the case law, either an informal or a formal complaint is sufficient to elect the remedy at the FCC.

subject matter jurisdiction over claims that share a nexus with the complaint.[12]  The letter that HD Carrier filed weeks ago with the FCC is an informal complaint that alleges—as the Complaint in this Court does—unlawful call blocking by AT&T.  *See generally* Ex. A, HD Carrier Informal Complaint.  Under the FCC's rules, "[a]n informal complaint is in writing and contains: (a) the name, address, and telephone number of the complain[ant]; (b) the name of the carrier against whom the complaint is made; (c) a complete statement of the facts tending to show that such carrier did or omitted to do anything in contravention of the Communications Act; and (d) the specific relief of satisfaction sought."  47 C.F.R. § 1.716; *Millicorp*, 2010 WL 11505849, at *3 (quoting *Mexiport*, 253 F.3d at 575 n.3).

*Millicorp* involved an almost identical set of facts as this case.  2010 WL 11505849, at *3.  In *Millicorp*, the plaintiff brought claims in federal district court for violations of sections 201 and 202 of the Communications Act and state law claims alleging, "Defendants blocked services to Millicorp's customers who subscribed to CCH, Millicorp's interconnected VIOP [sic] offering."  *Id.*  Prior to filing the complaint in federal district court, the plaintiff had filed an informal complaint with the FCC requesting the FCC to "investigate the call blocking practices" of Defendants.  *Id.*  The Court dismissed plaintiff's claims for lack of subject matter jurisdiction pursuant to section 207's election of remedies provision:

> [Plaintiff's]…letter requesting the FCC to investigate alleged unlawful call blocking practices of Defendants was an invocation of the FCC's jurisdiction sufficient to trigger forum selection pursuant to § 207. Specifically, Millicorp's letter to the FCC addresses and requests the

---

[12] *See In re Empire One Telecommc'ns, Inc.*, 458 B.R. 692 (Bank. S.D.N.Y. 2011) (dismissing case under § 207 for lack of subject-matter jurisdiction when plaintiff filed informal complaint with the FCC); *Beehive Tele. Co., Inc. v. Sprint Commc'ns Co.*, No. 2:08-cv-003080, 2009 WL 3297303, at *3 (D. Utah Oct. 13, 2009) (same); *see also Fantroy v. Sw Bell*, No. 3-01-cv-0099-R, 2002 WL 441407, at *1 (N.D. Tex. Mar. 19, 2002) (recommending complaint be dismissed for lack of subject-matter jurisdiction when plaintiff filed complaint with the FCC); *Bell Atl. Corp. v. MFS Commc'ns Co., Inc.*, 901 F. Supp. 835, 853 (D. Del. 1995) (dismissing claims for lack of subject matter jurisdiction under § 207 when plaintiff filed complaint in FCC before filing suit).

AT&T CORP.'S MOTION TO DISMISS HD CARRIER'S COMPLAINT
2:20-cv-06509-FMO (JPRx)

FCC to take action regarding the very same practices it complains of in the instant action. There is no indication that Millicorp's request for investigation to the FCC and the instant action cover different factual or legal issues. To the contrary, it appears that Millicorp has attempted to place the same legal issues before the FCC and this Court thus precluding adjudication of these claims by this Court.

*Id.* As in *Millicorp*, HD Carrier is attempting to put the same legal and factual issues in front of this Court as it has already raised at the FCC. HD Carrier's claims should be dismissed for lack of subject-matter jurisdiction because the HD Carrier Informal Complaint triggered HD Carrier's election of remedies under § 207.

First, HD Carrier's June 2 Letter is an informal complaint sufficient to trigger the election of remedies provision in Section 207. *See Premiere Network*, 440 F.3d at 689–91; *Digitel*, 239 at 190–91; *Mexiport*, 253 F.3d at 574; *Stiles*, 128 F.3d at 907; *Millicorp*, 2010 WL 11505849, at *3 (quoting *Mexiport*, 253 F.3d at 575 n.3). Specifically the HD Carrier Informal Complaint: (1) contains the name, address, and telephone number of HD Carrier (via its counsel); (2) identifies AT&T as the carrier against whom the complaint is made; (3) states and specifies how AT&T has been allegedly blocking calls in violation of the Communications Act; and (4) seeks relief in the form of damages, costs, and fees.[13] Ex. A, HD Carrier Informal Complaint.

Second, there is a clear nexus between all of HD Carrier's claims in this case and the HD Carrier Informal Complaint filed with the FCC. *See In re Empire One*, 458 B.R. at 698–99; *Millicorp*, 2010 WL 11505849, at *3. Indeed, the HD Carrier Informal Complaint makes the *exact same* allegations that AT&T is blocking calls to HD Carrier's customers. *Compare* Ex. A, HD Carrier Informal Complaint *with* Complaint. In this case, HD Carrier's Complaint states that it "seeks the entry of a

---

[13] To the extent HD Carrier contends the HD Carrier Informal Complaint is not an informal complaint because the FCC has not yet acted, there is nothing to suggest that the FCC must act on an informal complaint to trigger the election of remedies provision for purposes of subject-matter jurisdiction. *See In re Empire One,* 458 B.R. at 697 ("[C]ourts have uniformly held that filing a complaint with the FCC divests a court of jurisdiction to hear a subsequent lawsuit asserting claims raised in the FCC complaint. ***It makes no difference that the FCC complaint was allegedly abandoned or that the FCC failed to act on it***.") (emphasis added).

11

preliminary and permanent injunction enjoining AT&T from blocking, chocking [sic], reducing, restricting, or capping calls destined to HD Carrier. (Compl. ¶ 4.) In the HD Carrier Informal Complaint, HD Carrier similarly seeks relief from the FCC alleging AT&T is "choking, reducing, or otherwise restricting traffic to its limited connections to HD Carrier . . . ." Ex. A, HD Carrier Informal Complaint at 2. Even more plainly, HD Carrier seeks the exact same relief in this court as it does from the FCC in its Informal Complaint. *See* Ex. A, HD Carrier Informal Complaint. The last paragraph of the HD Carrier Informal Complaint states

> HD Carrier will request that the Commission make a determination that: (i) AT&T is violating § 201(b) by blocking calls, reducing capacity, and otherwise restricting or throttling traffic to HD Carrier codes; (ii) AT&T is violating § 202 by discriminating against HD Carrier; and (iii) HD Carrier is entitled to damages, including interest, fees, costs, and any consequential damages.

*Id.* at 4. This is identical to the relief HD Carrier seeks in its Complaint. (*See* Compl. ¶¶ 66–85.) All of HD Carrier's claims in this case are based on identical factual allegations that AT&T is allegedly blocking calls to HD Carrier's customers. (*See id.*) By filing the HD Carrier Informal Complaint with the FCC, just seven weeks before filing this lawsuit, HD Carrier elected to proceed before the FCC on the issues it now seeks to bring in this case. Under 47 U.S.C. § 207, this Court clearly lacks subject-matter jurisdiction over this action. 47 U.S.C. § 207; *see Premiere Network*, 440 F.3d at 689–91; *Digitel*, 239 at 190–91; *Mexiport*, 253 F.3d at 574; *Stiles*, 128 F.3d at 907; *Millicorp*, 2010 WL 11505849, at *3.

### C.   Alternatively, the Court Should Dismiss or Stay This Suit under the Primary Jurisdiction Doctrine in favor of the FCC Proceedings.

Even if the Court had subject-matter jurisdiction over the claims in this case (which it does not), the Court should dismiss or stay the claims in this case under the primary jurisdiction doctrine. Under the primary jurisdiction doctrine, a court may "stay proceedings or dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time*

*Warner Cable*, 523 F.3d 1110, 1115 (9th Cir. 2008); *see also Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091 (9th Cir. 2006).  "The doctrine applies when there is '(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration.'" *Comcast*, 2016 WL 7637664, at *2 (quoting *Syntek Semiconductor Co., Ltd. v. Microchip Tech., Inc*., 307 F.3d 775, 780 (9th Cir. 2002)).

The primary jurisdiction doctrine also applies to state law claims when the "plaintiff's state law claims are 'recitations of prohibited activities under federal law' that are subject to the primary jurisdiction doctrine." *Id.* (quoting *Free Conferencing*, 2014 WL 7404600, at *9).  The Ninth Circuit has "previously approved of the use of the primary jurisdiction doctrine where it is unclear whether a federal statute applies to a new technology" particularly when the FCC was "actively considering how it will regulate VoIP services." *Clark*, 523 F.3d at 1115.

The Court should dismiss or stay HD Carrier's claims in this case pursuant to the primary jurisdiction doctrine consistent with the precedent in this district and this Court.  *See Comcast*, 2016 WL 7637664, at *2; *T-Mobile*, 2014 WL 7404600, at *3.

In *T-Mobile*, Judge Wright stayed federal and state law claims brought by Free Conferencing against Defendant T-Mobile US ("T-Mobile") under the primary jurisdiction doctrine pending resolution of proceedings at the FCC.  2014 WL 7404600, at *3.  In *T-Mobile*, Free Conferencing brought suit against T-Mobile for allegedly "purposefully limit[ing] calls from its own customers to the Great Lakes network . . . ." *Id.* at *2.  The Court held that it was appropriate to stay the claims in the case because the FCC could resolve "whether or not T-Mobile's practices violate federal telecommunications law." *Id.* at *3.

Moreover, in *Comcast*, this Court stayed Free Conferencing's federal claims

13

under sections 201 and 202 of the Communications Act, its claim for declaratory relief, and state law claim for unfair competition under California law pursuant to the primary jurisdiction doctrine "pending the resolution of proceedings before the FCC." *Id.* at *8.  In *Comcast*, the plaintiff, Free Conferencing contended "its customers [were] unable to complete their calls because [defendants did] not meet their responsibilities to ensure call quality or completion."  *Id.* at *4.  This Court held that Free Conferencing's claims for violations of sections 201(b) and 202(a) of the Communications Act fell under the primary jurisdiction doctrine.  The Court noted that Free Conferencing's allegations supporting its "claim for violation of California Business and Professions Code §§ 17200 et seq. . . . are identical to Free Conferencing's federal claims . . . ."  *Id.* at *7.  The Court thus held that "given that plaintiff's state law claims and federal claims are redundant, the court will stay Free Conferencing's state law claims as well."  *Id.*

This case is very similar to *T-Mobile* and *Comcast*, and to the extent they are not dismissed based on Section 207, the Court should likewise dismiss or stay all of HD Carrier's claims (which are identical to the claims brought in *Comcast*)—claims under sections 201 and 202 of the Communications Act, declaratory relief, and a California state law claim for unfair competition—pursuant to the primary jurisdiction doctrine.  A threshold dispute underlying HD Carrier's claims in this case is whether HD Carrier and its closely associated entities (or AT&T) are violating sections 201 and 202 of the Communications Act and thus responsible for the call congestion resulting from HD Carrier's re-routing of millions of minutes of call traffic. (Compl. ¶¶ 65–95).  This dispositive factual issue is already before the FCC.

The AT&T-Verizon Informal Complaint pending with the FCC specifically alleges that HD Carrier and its closely associated entities acted in violation of the federal Communications Act when they suddenly and unilaterally re-routed millions of minutes of calls.  Ex. B, AT&T-Verizon Informal Complaint at 13.  Importantly,

14

AT&T requests that the FCC make a determination that Wide Voice, and not AT&T, violated section 201(b) by causing call congestion. *Id.* at 28. In this Complaint, HD Carrier contends that AT&T is violating sections 201 and 202 of the Communications Act by allegedly blocking calls from reaching HD Carrier's customers. (Compl. ¶ 1.) The FCC's determination of which entity is liable under the Communications Act for the same call congestion is a key dispositive issue in this case.

Similar to *Comcast* and *T-Mobile*, all four factors for application of the primary jurisdiction doctrine are present: (1) there is a need to resolve the issue of whether HD Carrier and its closely associated entities (or AT&T) have violated the Communications Act for the alleged conduct at issue in this case; (2) resolution of whether an entity has violated the Communications Act has been placed by Congress within the jurisdiction of the FCC; (3) pursuant to statute that subjects an industry or activity to a comprehensive regulatory authority; and (4) requires the FCC's expertise or uniformity in administration. *See Comcast*, 2016 WL 7637664, at *7; *T-Mobile*, 2014 WL 7404600, at *9. Moreover, similar to *Comcast*, the allegations underlying HD Carrier's state law claim for a violation of California Business and Professions Code §§ 17200 are identical to HD Carrier's call blocking allegations underlying HD Carrier's Communications Act claims. 2016 WL 7637664, at *7.

Finally, referral to the FCC is especially appropriate here because the FCC is already considering the issues in dispute. As explained above, whether AT&T or HD Carrier is liable for the call blocking at issue is already before the FCC, not only in the informal complaint HD Carrier itself filed, but also pursuant to the informal complaint AT&T filed at the FCC. *See* Ex. A, HD Carrier Informal Complaint; Ex. B, AT&T-Verizon Informal Complaint. Permitting HD Carrier's claims to go forward in this Court while the FCC is determining the unlawfulness of the alleged call blocking that is the predicate for HD Carrier's claims risks conflicting resolutions in this Court and the FCC.

1       Therefore, even if the Court had subject-matter jurisdiction over HD Carrier's

2 claims in this case, the Court should dismiss or stay this case pending the

3 determination from the FCC as to whether HD Carrier and its closely associated

4 entities (and not AT&T) violated the Communications Act by causing the call

5 congestion that HD Carrier seeks relief for in this case. *See Comcast*, 2016 WL

6 7637664, at *7; *T-Mobile*, 2014 WL 7404600, at *9.

7       **IV.   CONCLUSION**

8       Accordingly, for the foregoing reasons, AT&T respectfully requests the Court

9 dismiss HD Carrier's Complaint for lack of subject matter jurisdiction.  Alternatively,

10 AT&T requests the Court to stay or dismiss this action under the primary jurisdiction

11 doctrine and refer the issues to the FCC for resolution.

12   DATED: August 28, 2020         Respectfully submitted,

13

14                         SIDLEY AUSTIN LLP

15

16                         By: _____/s/ Jack S. Yeh_____
                              Jack S. Yeh

17

18                         *Attorneys for Defendant*
                        AT&T CORP.

19

20

21

22

23

24

25

26

27

28

AT&T CORP.'S MOTION TO DISMISS HD CARRIER'S COMPLAINT
2:20-cv-06509-FMO (JPRx)